IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2021 JUN 25 A 10: 06
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**AMELIA STAPLER, Individually and on Behalf of All Others Similarly Situated**                                  **PLAINTIFF**

vs.                               No. 3:21-cv-437-ECM-SRW

**AUTOMATIC FOOD SERVICE, INC.**                                              **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Amelia Stapler ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Courtney Lowery of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Automatic Food Service, Inc. ("Defendant"), and in support thereof she states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA to Plaintiff and all others similarly situated.

### II.   JURISDICTION AND VENUE

3. The United States District Court for the Middle District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect within the Eastern Division of the Middle District of Alabama; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

5. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

6. The witnesses to the wage violations herein reside in this District.

7. The records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

8. Venue is proper within this District pursuant to 28 U.S.C. § 1391

### III. THE PARTIES

9. Plaintiff is a resident and citizen of Lee County.

10. Defendant is a domestic, for-profit corporation.

11. Defendant's registered agent for service of process is F. D. Hamre, Jr., at 164 Mountain Avenue, Birmingham, Alabama 35213.

12. Defendant, in the ordinary course of business, maintains a website at https://afsvend.com/.

### IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

15. Defendant owns and operates a vending machine company.

16. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

17. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

18. Plaintiff was employed by Defendant within the three years preceding the filing of this Original Complaint.

19. Specifically, Defendant employed Plaintiff from October of 2020 until May of 2021.

20. Until January of 2021, Plaintiff worked in Defendant's warehouse picking orders. During this time period, Defendant paid Plaintiff an hourly wage.

21. In January of 2021, Plaintiff was "promoted" to Driver and was thereafter paid solely on commission, or what Defendant purported to be a commission.

22. Defendant also employed other Drivers within the three years preceding the filing of this lawsuit.

23. Other Drivers were also paid solely on commission—i.e., they were not paid a salary nor an hourly wage.

24. Plaintiff's primary duties were to fill vending machines for Defendant's customers.

25. Other Drivers had the same or substantially similar duties as Plaintiff.

26. Plaintiff and other Drivers did not make sales to Defendant's customers.

27. The commissions received by Plaintiff and other Drivers were based on the value of the orders that they delivered.

28. Plaintiff's Supervisors, and the Supervisors of other Drivers, made sales to Defendant's customers, and Plaintiff and other Drivers delivered these orders and were paid a percentage of the price of each order.

29. Plaintiff and other Drivers had no effect on the value of the orders that they delivered.

30. Plaintiff and other Drivers recorded their hours using Defendant's time clock system.

31. As a Driver, Plaintiff regularly worked hours over forty in a week.

32. Plaintiff estimates that, as a Driver, she regularly worked between 40 and 45 hours per week.

33. Upon information and belief, other Drivers had similar schedules to Plaintiff and worked a similar number of hours.

34. At all relevant times herein, Defendant directly hired Plaintiff and other Drivers to work at its business, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

35. At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

36. Defendant did not pay Plaintiff and other Drivers 1.5x their regular rate of pay for each hour they worked over forty per week.

37. Section 778.117 of Title 29 of the CFR states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

38. Plaintiff did not cross state lines while making deliveries.

39. Upon information and belief, other Drivers also did not cross state lines.

40. The food and beverage products that Plaintiff and other Drivers delivered came to rest in the warehouse and then were unpacked, commingled and re-packed onto pallets for Drivers to deliver.

41. Upon information and belief, at least some of the food and beverage products which Defendant stored at its warehouse were delivered from local facilities.

42. Defendant failed to pay Plaintiff and other Drivers a sufficient overtime premium for all hours worked over forty each week.

43. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff and other Drivers violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATION

44. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

45. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked over forty in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

46. Plaintiff proposes the following class under the FLSA:

**All Drivers who received commission and worked over 40 hours in any week within the past three years.**

47. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

48. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were paid on "commission," or, more precisely, were paid a percentage of the value of the products they delivered;

B. They worked hours over forty in at least one week within the three years preceding the filing of this lawsuit;

C. They had the same or substantially similar job duties and responsibilities; and

D. They were subject to Defendant's common policy of failing to pay an overtime premium for hours worked over forty each week.

50. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds fifteen persons.

51. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

52. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

53. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

54. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

55. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

58. Defendant misclassified Plaintiff as exempt from the requirements of the FLSA.

59. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

60. Defendant knew or should have known that its actions violated the FLSA.

61. Defendant's conduct and practices, as described above, were willful.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

63. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

65. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

66. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

67. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

68. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee

meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

69. Defendant misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

70. Defendant failed to pay Plaintiff and similarly situated employees a sufficient overtime premium for all hours worked over forty each week.

71. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

72. Defendant knew or should have known that its actions violated the FLSA.

73. Defendant's conduct and practices, as described above, were willful.

74. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

75. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

76. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Amelia Stapler, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.   Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.   Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.   Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D.   Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E.   An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.   Such other and further relief as this Court may deem just and proper

Respectfully submitted,

**AMELIA STAPLER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Courtney Lowery*
Courtney Lowery
Ala. Bar No. 4047-V46J
courtney@sanfordlawfirm.com