IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

AMELIA STAPLER,                                    )
                                                   )
     Plaintiff,                                   )
                                                   )
v.                                                 )   CIVIL ACT. NO. 3:21-cv-437-ECM
                                                   )                    [WO]
AUTOMATIC FOOD SERVICE, INC.,                      )
                                                   )
     Defendant.                                   )

## MEMORANDUM OPINION and ORDER

Now pending before the Court is Plaintiff Amelia Stapler's motion for voluntary

dismissal without prejudice filed on April 20, 2022. (Doc. 30).  The motion is fully briefed

and ripe for review.  For the reasons that follow, the motion is due to be granted.

The Plaintiff moves to voluntarily dismiss this case without prejudice pursuant to

Federal Rule of Civil Procedure 41(a)(2).   Under Rule 41(a)(2), "an action may be

dismissed at the plaintiff's request only by court order, on terms that the court considers

proper."  The Court "enjoys broad discretion in determining whether to allow a voluntary

dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255

(11th Cir. 2001) (per curiam).  "[I]n most cases a dismissal [without prejudice] should be

granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect*

*of a subsequent lawsuit*, as a result." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57

(11th Cir. 1986) (emphasis in original).  "Neither the fact that the litigation has proceeded

to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent

in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." *Pontenberg*, 252 F.3d at 1256.

The Defendant argues that this case should be dismissed with prejudice because (1) this action has been pending since June 2021; (2) the parties have engaged in discovery but the Plaintiff has not noticed any depositions; (3) the Plaintiff declined to file a motion for conditional certification of a collective action; and (4) the Plaintiff's "primary motivation for moving to dismiss without prejudice is an expected adverse outcome," explaining that the Plaintiff moved for voluntary dismissal only after Defendant's counsel sent Plaintiff's counsel a Rule 11 letter, in response to which Plaintiff's counsel admitted that the Plaintiff's claim was "vulnerable" to a dispositive motion. (Doc. 31 at 6).  But "the mere attempt to avoid an adverse . . . ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice." *Pontenberg*, 252 F.3d at 1258.  The Defendant does not expressly argue that evidence of bad faith exists in this case, and the Court is not convinced that this case contains evidence of bad faith which constitutes plain legal prejudice warranting a dismissal with prejudice.

*Mosley v. JLG Industries, Inc.*, 189 F. App'x 874 (11th Cir. 2006) (per curiam), an unpublished opinion on which the Defendant relies, does not persuade the Court that dismissal with prejudice is appropriate here.  In *Mosley*, the defendants moved for summary judgment after "a protracted period of discovery," and the plaintiff moved for additional time to respond to the motions. *Id.* at 875.  The district court denied the plaintiff's motion, "chronicl[ing] Plaintiff's failure to gather evidence despite repeated extensions granted at Plaintiff's request." *Id.*  The plaintiff then filed a motion to dismiss without prejudice under

Rule 41(a)(2), in which he conceded that he could not survive the defendants' motions for summary judgment. *Id.* The district court denied the plaintiff's motion to dismiss and granted the defendants' motions for summary judgment. *Id.* The Eleventh Circuit held that the district court did not abuse its discretion "[o]n this record." *Id.* at 876. But the Eleventh Circuit did not hold that the district court was *required* to deny the plaintiff's motion under those circumstances. Additionally, the Defendant points to no record of the Plaintiff's conduct here which is sufficiently similar to *Mosley* to persuade the Court that it *should* deny the Plaintiff's motion.

The Defendant argues in the alternative that, if the Court dismisses this action without prejudice, the Court should attach conditions to the dismissal allowing the Defendant to recover its litigation costs pursuant to Rule 41(d) if the Plaintiff re-files this action. "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court may order the plaintiff to pay all or part of the costs of that previous action . . . ." Fed. R. Civ. P. 41(d). The Court in its discretion declines to attach such conditions to the dismissal of this case. If the Plaintiff does re-file this action, the Defendant may move the court presiding over the second action for costs under Rule 41(d), and that court may address the motion at that time. *See Sargeant v. Hall*, 951 F.3d 1280, 1283–88 (11th Cir. 2020) (explaining that Rule 41's text, structure, and policies suggest that a motion for costs under Rule 41(d) must be filed in the second action).

Accordingly, for the reasons stated, and for good cause, it is hereby

ORDERED as follows:

1. The Plaintiff's motion for voluntary dismissal without prejudice (doc. 30) is

   GRANTED;

2. This case is DISMISSED WITHOUT PREJUDICE, costs taxed as paid;

3. The Clerk of the Court is DIRECTED to close this case.

Done this 29th day of April, 2022.

                     _____/s/ Emily C. Marks_____

                     EMILY C. MARKS

                     CHIEF UNITED STATES DISTRICT JUDGE